IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 11-cv-00687-LTB-MEH

RACHEL COSTELLO,

     Plaintiff,

v.

BRIGHT HORIZONS CHILDREN'S CENTERS, LLC, d/b/a BRIGHT HOIZONS
MONTESSORI AT INTERLOCKEN,

     Defendant.

---

## ORDER

---

     This case is before me on Plaintiff's Motion to Remand [Doc #8 ].  After consideration of
the motion, related pleadings, and the case file, I grant the motion for the reasons set forth below.

### I.  Background

     Plaintiff filed her Complaint in the Broomfield County District Court on February 23,
2011, alleging that Defendant terminated her employment in violation of C.R.S. § 24-34-402.5
and in violation of public policy.  Plaintiff's Complaint further alleges that as a result of
Defendant's wrongful termination of her employment, she has incurred, and will incur, "general
and special damages, including but not limited to back pay, front pay, loss of benefits, emotional
pain and suffering, and other general and special damages to be proven at trial."  Complaint, ¶¶
13 & 18.  Plaintiff's Complaint requests judgment in her favor for "general and special damages
as set forth above and to be proven at trial," as well as "pre- and post-judgment interest, costs,
including expert witness fees, statutory attorneys' fees, and such other legal and equitable relief
as is deemed just and proper under the circumstances of this case."  Complaint, "Prayer for

Relief."

On March 18, 2011, Defendant removed this action on diversity grounds pursuant to 28 U.S.C. §§ 1332, 1441 & 1446.  In its Notice of Removal, Defendant states that "[w]hile the Complaint does not contain a numerical damage calculation or prayer, a reasonable person would conclude that Plaintiff is seeking damages in an amount greater than the $75,000 jurisdictional amount."  Defendant further states that its "good faith belief" that Plaintiff is seeking damages in excess of the jurisdictional minimum is based on a reading of the Complaint and the Civil Case Cover Sheet where Plaintiff indicated that she was seeking a monetary judgment in excess of  $100,000.

By the motion, Plaintiff seeks to remand the case back to the Broomfield County District Court on the basis that Defendant has failed to demonstrate that the amount in controversy exceeds $75,000.

## II. Analysis

"The amount in controversy requirement is ordinarily determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).  As the party invoking the federal court's jurisdiction in this case, Defendant bears the burden of proving facts demonstrating the requisite amount in controversy by a preponderance of the evidence.  *McPhail v. Deere & Co.,* 529 F.3d 947, 954 (10th Cir. 2008).  In analyzing Plaintiff's motion, I bear in mind my obligation to "rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states, ... and that the presumption is therefore 'against removal jurisdiction.'"  *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1289 (10th Cir. 2001) (citations

omitted). *See also Fajen v. Foundation Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed ... and all doubts are to be resolved against removal.").

In the absence of an explicit demand for more than $75,000 in Plaintiff's Complaint, Defendant may show the requisite amount in controversy through an estimate of the potential damages from the allegations in the Complaint, documentation such as interrogatories and affadivts, and Plaintff's proposed settlement amount. *McPhail,* 529 F.3d at 955-56. The Civil Case Cover Sheet alone is insufficient for this purpose. *See e.g. Baker v. Sears Holding Corp.,* 557 F. Supp.2d 1208, 1215 (D. Colo 2007).

Defendant asserts that the categories of damages requested in Plaintiff's Complaint support the conclusion that Plaintiff is seeking damages in excess of $75,000 but makes no attempt to place a monetary value on any of the categories. In fact, the only specific evidence before me of the amount Plaintiff might recover in this case is Plaintiff's declaration that she was paid $11.00 per hour while employed by Defendant which would amount to approximately $23,000 per year. This fact does not support Defendant's contention that Plaintiff's economic damages may exceed the jurisdictional limit, and there is no evidence before me regarding the amount of non-economic damages and attorney fees that are recoverable in this case.

Beyond its speculative assertion that Plaintiff is seeking damages in excess of $75,000 based on the allegations in the Complaint and the Civil Case Cover Sheet, Defendant offers a pre-litigations settlement demand of $75,000 as evidence that the amount in controversy requirement is satisfied. This settlement demand was not referenced in or attached to Defendant's Notice of Removal, and its probative value is therefore questionable. *See Laughlin,*

3

*supra* ("The amount in controversy requirement is ordinarily determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the notice of removal.").  *See also Eatinger v. BP Amer. Prod. Co.,* 524 F.Supp.2d 1342, 1345 (D. Kan. 2007) ("... a removing party must meet its burden in the notice of removal itself, not a later document.").  In any event, Plaintiff has presented evidence that her most recent settlement demand was for the modest amount of $13,000.

With no other evidence regarding Plaintiff's damages before me, I conclude that Defendant has failed to meet its burden of proving facts demonstrating the requisite amount in controversy by a preponderance of the evidence.  This Court therefore lacks subject matter jurisdiction over Plaintiff's claims.

IT IS THEREFORE  ORDERED that Plaintiff's Motion to Remand [Doc #8] is GRANTED.


Dated: June ___9___, 2011 in Denver, Colorado.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE
